# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) |
| v. | ) Criminal Action 19-135-CFC |
| NATHAN MATTHEWS | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

On December 19, 2019, I ordered Defendant detained pending trial. On December 30, 2019, Defendant moved to reopen the detention hearing under 18 U.S.C. § 3142(f)(2), which provides that a detention hearing "may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." (D.I. 13.)

Defendant argues that the detention hearing should be reopened because Defendant's wife has now stopped package delivery services to their home from UPS, FedEx, DHL, and the U.S. Postal Service, thereby preventing Defendant from receiving packages containing gun parts or contraband as alleged by the government. (D.I. 13.) The government responds that these changed circumstances have no material bearing over whether Defendant is no longer a danger to the community. (D.I. 18.) The government points out that Defendant has merely asked the carriers

to hold packages "for customer pick-up" (*id.* at 4) and that Defendant or his acquaintances would still have the ability to pick up packages directly from the carrier facilities. The government's response also attaches and refers to additional evidence not proffered at the detention hearing regarding Defendant's dangerousness.

Under the circumstances, I agree with the government that the detention hearing should not be reopened at this time. Even without considering the new information provided by the government, the fact that Defendant has stopped common delivery services to his home does not change my original conclusion that there are no conditions of release that will reasonably assure the safety of any other person and the community. In addition to all of the reasons stated on the record at the detention hearing, there is nothing to prevent Defendant from receiving packages in other ways, for example, by having an acquaintance pick them up or by having them delivered somewhere else and brought to him. In addition, there has been no identification of a custodian with sufficient availability to adequately monitor defendant and report a violation of a release condition to the Court.

In sum, I find that the information presented by Defendant does not have a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of Defendant as required and the safety of any other person and the community.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion is DENIED.

Dated: January 10, 2020

The Honorable Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE