IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No. 19-135-CFC |
| | : | |
| NATHAN MATTHEWS, | : | |
| Defendant. | : | |

Maureen McCartney and Ruth Mandelbaum, Assistant United States Attorneys, Wilmington, Delaware

   *Counsel for United States of America*

David Pugh, Assistant Federal Public Defender, Wilmington, Delaware

   *Counsel for Defendant*

**MEMORANDUM OPINION**

July 1, 2020
Wilmington, Delaware

*/s/ Colm F. Connolly*
COLM F. CONNOLLY
UNITED STATES DISTRICT

Defendant Nathan Matthews has moved pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution to suppress (1) all physical evidence seized by law enforcement agents from his apartment on September 26, 2019, and (2) "any statements alleged to have been made by Mr. Matthews following his arrest while he was seated in [a] police car" on that date. D.I. 26 at 1, 7. "[T]o further develop facts related to this motion," Matthews seeks a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). *Id.* at 7–8; D.I. 26-1 (Proposed Order).

## The Physical Evidence

The physical evidence in question consists of drugs, a gun, and two Glock switches that can be used to convert a pistol into a machine gun. The evidence was seized during a search of the apartment that was conducted pursuant to a warrant issued by a Delaware state court. Matthews alleges that the search of his apartment violated the Fourth Amendment because the affidavit submitted in support of the application for the search warrant contained two false statements: (1) that after Matthews waived his *Miranda* rights, he stated that "additional drugs could be found within his apartment"; and (2) that detectives "detected the odor of burnt

2

marijuana within [Matthews's] apartment." D.I. 26 at 5–6. Matthews argues alternatively that if the Court were to find that Matthews made the "additional drugs" statement, the Court should conclude that the statement was obtained in violation of Matthew's *Miranda* rights and that the statement's inclusion in the affidavit submitted in support of the application for the warrant rendered the warrant unconstitutional under the Fourth Amendment. D.I. 26 at 6.

An affidavit supporting a search warrant is presumed to be valid. *Franks*, 438 U.S. at 171 (1978). To overcome that presumption and obtain a hearing to challenge the warrant's constitutionality, a defendant "must make a 'substantial preliminary showing' that the affidavit contained a false statement, which was made knowingly or with reckless disregard for the truth, which is material to the finding of probable cause." *United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006) (quoting *Franks*, 438 U.S. at 171). To make that showing,

> the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

*Franks*, 438 U.S. at 171.

3

Here, Matthews's attack on the warrant consists solely of his counsel's unsworn contention that "Mr. Matthews denies telling law enforcement that additional drugs could be found within his apartment" and "disputes the accuracy" of the statement that officers detected the odor of burnt marijuana in the apartment. D.I. 26 at 5–6. Mathews has submitted no affidavits or otherwise reliable statements of witnesses to rebut the challenged statements or call into question the veracity of the officer who swore to the truthfulness of the statements in the search warrant affidavit. Accordingly, Matthews has failed to make the substantial preliminary showing required for a *Franks* hearing.

Matthews's alternative argument that the evidence seized pursuant to the warrant should be suppressed because the search warrant affidavit contained a statement obtained in violation of *Miranda* also fails. "[T]he fruit of the poisonous tree doctrine does not apply to derivative evidence secured as a result of a voluntary statement obtained before *Miranda* warnings are issued." *United States v. DeSumma*, 272 F.3d 176, 180–81 (3d Cir. 2001). Thus, evidence "secured as a result of a non-Mirandized statement . . . [is] properly admitted" at trial. *Id.* Matthews does not contend that the challenged statements were involuntary. Accordingly, even assuming the statements were obtained in violation of *Miranda*, that failure would not require suppression of the derivative physical evidence seized at his apartment.

4

## **The Post-Arrest Statements Made in The Police Car**

In response to Matthews's motion, the government represented that it will not seek to introduce at trial the post-arrest statements Matthews made while seated in a police car on September 26, 2019. D.I. 29 at 17. Accordingly, Matthews's motion to suppress those statements is moot.

\* \* \* \*

For the reasons stated above, the Court will deny Defendant's motion to suppress (D.I. 26). The Court will issue an Order consistent with this Memorandum Opinion.